1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ELIJAH LEE MILLER,                          No. 2:22-cv-01570-EFB (PC)

11                  Plaintiff,

12          v.                                   ORDER

13   C. PARK, et al.,

14                  Defendants.

15

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  In addition to filing a complaint, he has filed an application for leave to proceed

18   in forma pauperis.

19                          Application to Proceed In Forma Pauperis

20          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21   However, court records reflect that on at least three prior occasions, plaintiff has brought actions

22   while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon

23   which relief may be granted, meaning that he is a three-strikes litigant for purposes of 28 U.S.C.

24   § 1915(g).  *See* (1) *Miller v. California*, 2:21-cv-00650-JAM-DMC (E.D. Cal.) (dismissed

25   October 14, 2021 for failure to state a claim because of the rule announced in *Heck v. Humphrey*,

26   512 U.S. 477 (1994))[1]; (2) *Miller v. McTaggart*, 2:21-cv-01521-WBS-CKD (E.D. Cal.)

27   ───────────────────

28          [1] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced
     therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489.

                                                    1

1   (dismissed November 24, 2021 for failure to prosecute after plaintiff failed to file an amended

2   complaint after dismissal for failure to state a claim); and (3) *Miller v. Moseley*, 2:21-cv-2252-

3   TLN-KJN (E.D. Cal.) (dismissed June 3, 2022 for failure to prosecute after plaintiff failed to file

4   an amended complaint after dismissal for failure to state a claim).[2]

5          An exception to the three-strikes rule exists "if the complaint makes a plausible allegation

6   that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."

7   *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Here, plaintiff's complaint satisfies

8   the imminent danger exception.  *See* ECF No. 1 (alleging that the California Medical Facility will

9   not provide plaintiff with the liquid nutritional supplement required for him to maintain a healthy

10  weight).  Accordingly, plaintiff's application for leave to proceed in forma pauperis is granted.

11  By separate order, the court directs the agency having custody of plaintiff to collect and forward

12  the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

                                  Screening Standards

14         Federal courts must engage in a preliminary screening of cases in which prisoners seek

15  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

16  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

17  /////

18  /////

_____

20  Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant
    to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and
21  qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS
    93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013
22  U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636
    F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998);
23  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.
    1995).

25         [2] The last two dismissals, although styled as ones for failure to prosecute, also qualify as
    strikes. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also, e.g., Lamon v.
26  Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan.
    27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying
27  ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300 MCE
    CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing
28  similar cases).

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3  relief." *Id.* § 1915A(b).

4        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11  U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16  678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24  <u>Screening Order</u>

25        The only claims that may proceed in this action must relate to the alleged imminent

26  danger.  *See Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022).  Here, the alleged imminent danger

27  concerns plaintiff's need for adequate nutrition.  In this regard, plaintiff alleges that on May 17,

28  2022, he was transferred to the California Medical Facility ("CMF").  ECF No. 1 at 3.  At his

1    prior institution, plaintiff had been receiving Boost, a liquid nutritional supplement, three times a

2    day. *Id.* At CMF, plaintiff asked for, but was denied Boost. *Id.* Instead, he was offered extra

3    food. *Id.* Plaintiff allegedly has lost 39 pounds and weighs less than what he should weigh. *Id.*

4    In August of 2022, plaintiff was informed that liquid nutritional supplements are not provided at

5    CMF. *Id.* at 5.

6         Although plaintiff has alleged weight loss his allegations are too vague to survive

7    screening. He has not identified a serious medical need requiring that he be provided a liquid

8    nutritional supplement, nor has he specifically alleged that any defendant knew about that need

9    and responded to it with deliberate indifference. For purposes of the Eighth Amendment,

10   deliberate indifference to serious medical needs consists of two requirements, one objective and

11   the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203

12   F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)).

13   The plaintiff must first establish a "serious medical need" by showing that "failure to treat a

14   prisoner's condition could result in further significant injury or the 'unnecessary and wanton

15   infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

16   Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was

17   deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060). The subjective element is

18   satisfied where prison officials "deny, delay or intentionally interfere with medical treatment."

19   *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both

20   aware of facts from which the inference could be drawn that a substantial risk of serious harm

21   exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

22   Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not

23   rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct.

24   2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391

25   F.3d 1051, 1060 (9th Cir. 2004).

26        In an amended complaint, if plaintiff chooses to file one, he should specify his serious

27   medical need, and describe how each individual defendant responded that need in a manner

28   constituting deliberate indifference and how their acts or omissions caused him harm. He should

4

also take pains to ensure that his amended complaint is as legible as possible, as the original complaint is very difficult to read.  This refers not only to penmanship, but also spacing and organization.

Leave to Amend

Plaintiff is further cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George,* 507 F.3d at 607.  Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant.  *Id.*

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.      Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

/////

/////

5

3.    Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

4.    Failure to comply with any part of this this order may result in dismissal of this action.

Dated: December 9, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6